**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MYDIEN THI CO, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:25-cv-05401 |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| INC., EQUIFAX INFORMATION | § | |
| SERVICES, LLC and TRANS UNION, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S RESPONSE TO
PLAINTIFF'S MOTION OR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant Equifax Information Services, LLC ("Equifax"), through its undersigned counsel, hereby files its Response to Plaintiff's Motion for Leave to File First Amended Complaint and shows the Court as follows:

**I.      INTRODUCTION**

Plaintiff Mydien Thi Co ("Plaintiff") filed this action on November 12, 2025 against Equifax and Defendants Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union") (collectively, "Defendants") regarding alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Plaintiff vaguely claims Defendants mixed her credit file with that of her sister. *See generally* ECF No. 1.

Now, Plaintiff seeks leave from this Court to file an amended Complaint ("First Amended Complaint") to include purported "material facts bearing on Plaintiff's claims," which had been subsequently discovered. *See* ECF No. 35.

On the afternoon of June 10, 2026, Plaintiff's counsel emailed Equifax's counsel stating her intent to amend the Complaint. *See* Ex. A. However, before Equifax had a meaningful

opportunity to respond, Plaintiff filed her Motion for Leave to Amend the same day. As a result, Plaintiff failed to meet and confer in good faith prior to seeking Court intervention.

Shortly thereafter, Equifax's counsel responded and explained that documents produced by Equifax conclusively demonstrate that the proposed allegations in paragraphs 28 and 29 are inaccurate. *See* Ex. B. Equifax further requested that Plaintiff amend or withdraw those allegations in light of the documentary evidence. *Id.* Despite this outreach, Plaintiff has not responded. *See* Ex. C.

Because the proposed amendment relies on allegations directly contradicted by evidence produced by Equifax, the amendment is futile. Moreover, Plaintiff's failure to meet and confer before filing the Motion provides an independent basis to deny relief. Accordingly, the Court should deny Plaintiff's Motion for Leave to Amend.

## II.    APPLICABLE STANDARD

Although district courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend is by no means automatic. *Sharifan v. NeoGenis Labs, Inc.,* 622 F. Supp. 3d 478, 494 (S.D. Tex. 2022); *see Avatar Expl., Inc. v. Chevron, U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991). As the Fifth Circuit has explained, the ultimate decision to grant or deny a motion to amend rests within the sound discretion of the trial judge. *See id.* When exercising its discretion to allow or deny leave to amend, the district court can consider a number of factors, such as "the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith." *United States ex rel. Marcy v. Rowan Cos.,* 520 F. 3d 384, 392 (5th Cir. 2008).

While the language of Rule 15(a)(2) evinces a bias in favor of granting leave to amend, a district court need not grant a futile motion to amend. *See Legate v. Livingston,* 822 F.3d 207, 211

-2-

326625310v.1

(5th Cir. 2016); *Sharifan,* 622 F. Supp. 3d at 494. This Court has previously held that a motion to amend is futile when the party moving for leave to amend fails to provide new facts underlying the proposed amendment. *Id.* "[A] bare bones motion to amend remains futile when it fails to apprise the district court of the facts that he would plead in an amended complaint." *Id., citing Edionwe v. Bailey,* 860 F.3d 287, 295 (5th Cir. 2017). Further, the local rules require that parties confer before filing a motion for leave to amend. *See* LR 7.1(a).

### III.    ARGUMENT AND AUTHORITIES

#### 1.  Plaintiff Failed to Confer on the Motion.

Local Rule 7.1 requires that a movant confer with the other parties before filing an opposed motion. *See* Local Rule 7.1 ("Except for motions under Fed.R.Civ.P 12(b), (c), (e), or (f) and 56, contain an averment that: 1. The movant has conferred with the respondent, and; 2. Counsel cannot agree about the disposition of the motion."); *Magdaleno v. PCM Const. Servs., LLC,* No. CIV.A. H-12-2862, 2014 WL 1760942, at *5 (S.D. Tex. 2014).

Here, Plaintiff did not meaningfully confer before filing the Motion. Plaintiff's counsel sent an email stating her intent to amend and then filed the Motion within approximately three hours, before Equifax had a reasonable opportunity to respond. This perfunctory effort does not satisfy the meet-and-confer requirement under Local Rule 7.1.

Accordingly, because Plaintiff failed to comply with Local Rule 7.1, the Court should strike or deny Plaintiff's Motion for Leave to Amend.

#### 2.      Plaintiff's Proposed Amended Complaint is Futile As a Matter of Law.

The Motion should also be denied because the proposed amendment is futile and fails as a matter of law. "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Fifth Circuit has

326625310v.1

interpreted "futility," to mean that "the amended complaint would fail to state a claim upon which relief could be granted," and it applies the "'same legal standard of legal sufficiency as applies under Rule 12(b)(6).'" *Id*. at 673; *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Here, Plaintiff's proposed amendment is premised on factual allegations that are directly contradicted by documentary evidence. Specifically, in paragraph 28 of the proposed amended complaint, Plaintiff alleges that "Equifax acknowledged receipt but failed to delete the disputed tradelines, including Capital One, SLS/GMFS Mortgage, and Nationstar Mortgage." *See* ECF No. 35. However, documents produced by Equifax establish that these accounts were not reported on Plaintiff's credit file and, in fact, have never appeared on her file at any relevant time.

This Court is not required to accept as true Plaintiff's allegations in paragraphs 28 and 29 because they are contradicted by documents referenced in or central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). Plaintiff's attempt to amend her complaint to include allegations she knows are contradicted by the evidentiary record renders the amendment futile. Permitting such an amendment would serve no purpose other than to inject demonstrably false allegations into the pleadings, which would be subject to immediate dismissal of Plaintiff's 15 U.S.C. 1681i claim. Accordingly, the Court should deny Plaintiff's Motion for Leave to Amend. In the alternative, the Court should require Plaintiff to comply with Local Rule 7.1 by meaningfully meeting and conferring with Equifax before filing any renewed motion for leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant Equifax Information Services LLC respectfully requests that Plaintiff's Motion for Leave to File the First Amended Complaint be denied in its

326625310v.1

-5-

entirety, or alternatively strike the Motion and require Plaintiff to comply with Local Rule 7.1 by meaningfully meeting and conferring with Equifax before seeking leave to amend.

DATED: July 1, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Liliana V. Sánchez*

Liliana V. Sánchez, Bar No. 24104362
SDTX Fed. No. 3595497
lvsanchez@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas  75201
Telephone:  (469) 608-6758

*Counsel for Defendant*
*Equifax Information Services LLC*

326625310v.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S RESPONSE TO PLAINTIFF'S MOTION OR LEAVE TO FILE FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


/s/ Liliana V. Sánchez
Liliana V. Sánchez
*Counsel for Defendant*
*Equifax Information Services LLC*

326625310v.1